UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CAROLE TREW, on behalf of herself and all others similarly situated, and on behalf of the General Public as a Private Attorney General; LOREN FUNK, on behalf of himself and all others similarly situated; and JUDITH AND MATTHEW WESLEY MARX, on behalf of themselves and others similarly situated,

           Plaintiffs,         CIV S-05-1379 DFL PAN

    v.

VOLVO CARS OF NORTH AMERICA, LLC,        ORDER
and DOES 1-100, inclusive,

           Defendants.

                      -o0o-

    Defendant Volvo moves to compel the inspection of plaintiff Carole Trew's vehicle pursuant to Fed. R. Civ. P. 34 and 37.  Volvo propounded the request for inspection on October 12, 2005, to take place at Turner Volvo on November 14, 2005.  As

required by Rule 34(b), the request set forth the items to be inspected and described each with reasonable particularity.[1]

Plaintiff objected on several grounds and the parties have been unsuccessful in resolving their disputes regarding the purpose, content and procedure for the inspection.  The court vacated the hearing on this matter, scheduled for January 11, 2006, and makes this order.

Volvo is entitled to inspect plaintiff's vehicle.  Fed. R. Civ. P. 34(a), 26(b)(1) ("[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party").  Plaintiff's argument the condition of her vehicle is irrelevant to plaintiffs' fraud claims is shortsighted; defendant is entitled to pursue all possible defenses, which necessarily requires inspection of

---

[1] Defendant's request for inspection provides in pertinent part that "one or more certified Volvo technicians will perform the inspection by conducting the following procedures:  (1) test-driving the Vehicle in the vicinity of Turner Volvo; (2) connecting the Vehicle to Volvo's VITA and/or VADIS computer diagnostic systems to determine whether any fault codes exist; (3) monitoring the Vehicle's throttle while the engine idles; (4) removing the Vehicle's Electronic Throttle Module from the intake manifold in a non-destructive manner, inspecting its component parts, and reinstalling it back into the intake manifold; (5) photographing various components of the Vehicle, including but not limited to the Vehicle's Electronic Throttle Module; (6) examining the Vehicle's turbo valve fuel injection system, and electronic control sensors and connectors to help determine whether the driving irregularities alleged by plaintiff are based in fact, and if so, could be associated with one of these parts/components malfunctioning; and (7) visually examining the Vehicle for damage, misuse, abuse, collision, irregular wear and tear, and incomplete or improper maintenance.  The Vehicle will be returned to its pre-inspection condition on the same day as the inspection, and will not be destroyed or altered to its detriment.  It may be necessary upon reinstallation of the ETM, however, for Volvo to insert a new gasket between the throttle body and the intake valve.  Should this be necessary, Volvo will pay for all costs and expenses associated with this improvement."

plaintiff's vehicle.  (Plaintiff has not moved for a protective order so discovery is not stayed pending a decision on Volvo's motion to dismiss.)

A protocol is warranted for the inspection because Volvo needs to dismantle parts of the vehicle.  Volvo's protocol is satisfactory except that the court also requires Volvo to indemnify plaintiff for any injury or damage caused by Volvo's operation and inspection of the vehicle and Volvo shall pay all costs associated therewith, and plaintiff may have a passive observer present if the person is a certified Volvo mechanic.

So ordered.

Dated:  January 11, 2006.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge