UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CAROLE TREW, on behalf of herself and all others similarly situated, and on behalf of the General Public as a Private Attorney General; LOREN FUNK, on behalf of himself and all others similarly situated; and JUDITH AND MATTHEW WESLEY MARX, on behalf of themselves and others similarly situated,

        Plaintiffs,    CIV S-05-1379 DFL PAN

    v.

VOLVO CARS OF NORTH AMERICA, LLC, and DOES 1-100, inclusive,    ORDER

        Defendants.

-o0o-

Defendant moves to maintain the confidentiality of four documents designated as confidential pursuant to the parties' Confidentiality Agreement and Protective Order approved by the Superior Court of Sacramento County on November 15, 2004, prior

to the removal of this case to this court.  Defendant made the designation in response to plaintiffs' Second and Third Sets of Production Requests.  On Monday, January 9, 2005, defendant lodged the disputed documents[1] under seal, together with the parties untimely "joint" statement, without prior authorization of the court as required by E. D. Cal. L. R. 39-141(a).  The court vacated the January 11, 2006, hearing on this matter and makes this order.

For the reasons set forth below, defendant's motion is denied without prejudice to this court's consideration of a motion for protective order pursuant to Fed. R. Civ. P. 26(c).

The parties' stipulated Confidentiality Agreement and Protective Order is vacated.  See 28 U.S.C. § 1450 (following removal of action from state court, all orders "shall remain in full force and effect until dissolved or modified by the district court").

There exists in the Ninth Circuit a strong presumption in favor of public access to court records in civil cases. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)(citing Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)).  The fruits of pretrial discovery are presumptively public. San Jose Mercury News, Inc. v. U.S. District Court, 187 F.3d 1096, 1102 (9th Cir. 1999); Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943, 944-45 (7th Cir. 1999) ("[T]he

---

[1] The documents are Bates labeled (1) VCNA 5167-5179, (2) VCNA 5183-5191, (3) VCNA 5300-5311, and (4) VCC 1-50.

public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.").

On the other hand, there is no public interest in documents exchanged between the parties in pretrial discovery that are not filed with the court, and the parties may do as they agree among themselves without approval of the court regarding classification of such documents as confidential. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984)("[m]uch of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action").

The public right of access surfaces when parties seek to seal documents filed in conjunction with a discovery motion and ripens when documents are filed in conjunction with a dispositive motion or at trial. When parties rely upon and file documents to support motions requiring a decision on the merits of a pending dispute, i.e., by dispositive motion, the public interest in access to court records grows stronger, see Foltz, 331 F.3d at 1135 (citing Rushford v. The New Yorker Magazine, 846 F.2d 249, 252 (4th Cir. 1988)), and is at its zenith in the context of civil trial, Hagestad, 49 F.3d 1424.

When parties make a discovery motion that requires consideration of potentially confidential documents, the public interest in understanding the proceedings must be balanced against the interests of the parties in avoiding unwarranted disclosure of proprietary information, infringement of trade

3

secrets, and the like.  The confidentiality of discovery documents is governed by Fed. R. Civ. P. 26(c), which provides: "Upon motion by a party or by a person from whom discovery is sought . . . and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  The party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. Phillips v. General Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002); see San Jose Mercury News, 187 F.3d at 1102 (holding that to gain a protective order the party must make "particularized showing of good cause with respect to any individual document"); Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992) (holding that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test").

 If a court finds specific harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary. Phillips, 307 F.3d at 1211; Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995).  Several factors, which are neither mandatory nor exhaustive, may be considered in evaluating whether good cause for a protective order exists, including (1) whether disclosure will violate privacy interests, (2) whether the information is being sought for a legitimate

purpose, (3) whether disclosure will cause a party embarrassment, (4) whether confidentiality is being sought over information important to public health and safety, (5) whether the sharing of information among litigants will promote fairness and efficiency, (6) whether the putative beneficiary of the order is a public entity or official entitled to less protection than a private person, and (7) whether the case involves issues important to the public.  Glenmede, 56 F.3d at 483.

If a protective order is warranted it should be limited in scope and narrowly tailored, protecting only that information necessary to guard the movant's privacy or property rights, or both, and no more.  See Citizens, 178 F.3d at 945.  Blanket stipulated protective orders are disfavored; they are inherently subject to challenge and modification because the party resisting disclosure has not made a particularized showing of good cause with respect to an individual document.  San Jose Mercury News, 187 F.3d at 1103.

Defendant's broad request this court maintain the confidentiality of the designated documents throughout this litigation does not allow for the kind of balancing this court must undertake.  Consideration must also be given to the impact a sealing order would have on the clerk of court, law clerks, and judges assigned to this case, both to observe the order and to specially handle sealed documents.[2]

---

[2] When documents are sealed, they must be described obscurely in the docket, which degrades the usefulness of the docket as an index.  The

5

1  For all the foregoing reasons, defendant's motion to
2  "maintain the confidentiality" of the four identified documents
3  is denied without prejudice to a motion for protective order
4  pursuant to Fed. R. Civ. P. 26(c), made in compliance with E. D.
5  Cal. L. R. 37-251.
6  So ordered.
7  Dated: January 11, 2006.

                                                /s/ Peter A. Nowinski
                                                PETER A. NOWINSKI
                                                Magistrate Judge

---

documents are sealed, literally, in separate envelopes and kept in a safe.  No law clerk or judge can retrieve the court file for comprehensive review without "checking out" the sealed documents from the safe.  Hearings become awkward because of concern about observing the sealing order.  Writing decisions about the merits is made more difficult and time consuming.

6