1  JEFFREY L. FAZIO (S.B. # 146043)
   DINA E. MICHELETTI (S.B. # 184141)
2  FAZIO | MICHELETTI LLP
   4900 Hopyard Road, Suite 290
3  Pleasanton, CA  94588-7100
   Telephone:  925-469-2424
4  Telecopier:  925-369-0344

5  Attorneys for Plaintiffs

6
   THOMAS M. RIORDAN (S.B. # 176364)
7  MOLLY J. MAGNUSON (S.B.# 229444)
   O'MELVENY & MYERS LLP
8  400 South Hope Street
   Los Angeles, California  90071-2899
9  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
10
   Attorneys for Defendant
11 Volvo Cars of North America, LLC

12                  **UNITED STATES DISTRICT COURT**

13                  **EASTERN DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| 15  CAROLE TREW, on behalf of herself and all others similarly situated, and on behalf of the General Public as a Private Attorney General; LOREN FUNK, JUDITH AND MATTHEW WESLEY MARX, and SCOTT SANTOS, on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VOLVO CARS OF NORTH AMERICA, LLC, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:05-CV-1379-DFL-PAN<br><br>[~~PROPOSED~~] **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:  Honorable David F. Levi<br>Courtroom.:  7 |

# PRELIMINARY APPROVAL ORDER

The parties to this litigation have entered into a Settlement Agreement (dated February 2⁺, 2007, and submitted to the Court on February 7, 2007) to settle the above-captioned putative class action in its entirety, and the parties filed a Joint Motion for Preliminary Approval of Settlement and a supporting memorandum. All capitalized terms used in this Order have the meaning as defined in the Settlement Agreement, which is incorporated herein by reference.

The Court has read and considered the Settlement Agreement and each of the Exhibits thereto, including the proposed class notices (the "Notice"). The Court finds that there is a sufficient basis for granting preliminary approval of the Settlement Agreement, ordering dissemination of the Notice, and authorizing the steps necessary to determine whether the Settlement Agreement should be finally approved and the Action dismissed.

IT IS HEREBY ORDERED that:

1.  For purposes of settlement only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies that this action may proceed as a class action on behalf of a Settlement Class consisting of:

> All persons residing in the United States who currently own or lease, or previously owned or leased, one of the following Volvo vehicles: model year 1999-2001 light duty vehicles and light duty trucks (except S40/V40 models), model year 2002 S60/70 vehicles with naturally aspirated engines, or model year 2002 C70 vehicles.
>
> Specifically excluded from the class are: (1) Volvo and its parents, subsidiaries, affiliates, officers, directors and authorized Volvo dealers; (2) the judge to whom this case is assigned and any member of the judge's immediate family; and; (3) persons who have submitted a timely and valid Request for Exclusion from the Settlement Class.

2.  The Court hereby appoints named plaintiffs Carole Trew, Loren Funk, Judith and Wesley Marx, and Scott Santos to serve as Class Representatives; the Court appoints Jeffrey Fazio and Dina Micheletti of Fazio | Micheletti LLP, and

NB1:706455.1

1

1  William Bernstein and H. John Gutierrez of Lieff, Cabraser, Heimann & Bernstein LLP
2  to serve as Class Counsel.

3      3.    The Court finds that the prerequisites of Rule 23 of the Federal
4  Rules of Civil Procedure have been satisfied and hereby certifies a settlement class as
5  set forth below. The Court specifically finds that the Settlement Class consists of
6  hundreds of thousands of persons distributed across the United States of America.
7  Joinder of all Settlement Class Members in a single proceeding would be impracticable,
8  if not impossible, because of their number and dispersion. The Court further finds that
9  the Class Representatives and Class Counsel have capably prosecuted the claims of this
10 lawsuit. The Court finds no conflict between the Class Representatives or Class
11 Counsel and the Settlement Class. The Class Representatives and Class Counsel are
12 adequate representatives for the Settlement Class. The Class Representatives are also
13 typical of the Settlement Class. They are members of the Settlement Class and have
14 claims representative of the claims and defenses presented in this case. Commonality is
15 also satisfied in this case for settlement purposes as a number of common issues exist
16 among Settlement Class Members. Common issues predominate over individual issues
17 in the context of settlement, and certification of an agreed-upon settlement class is a
18 superior mechanism for resolving these claims.

19     The declaration that this litigation may be maintained for settlement
20 purposes only as a class action and the appointment of Class Counsel shall be without
21 force or effect if: (a) the Court does not give final approval to the Settlement
22 Agreement and enter the Final Order and Judgment substantially in the manner
23 contemplated by the Settlement Agreement; or (b) the Court's approval of the
24 Settlement Agreement and/or entry of the Final Approval Order and Judgment are
25 reversed or modified on appeal.

26     5.    The Settlement Agreement was arrived at as a result of arms'-
27 length negotiations conducted in good faith by counsel for the parties, and reached with
28 the assistance of an experienced former Federal Judge, who presided over three

1  mediation sessions. The terms of the Settlement Agreement are sufficiently fair,
2  reasonable, and adequate to allow dissemination of the Notice to Settlement Class
3  Members. This determination permitting notice to the Settlement Class is not a final
4  finding that the Settlement Agreement is fair, reasonable and adequate, but simply a
5  determination that there is probable cause to disseminate the Notice to Settlement Class
6  Members and to hold a hearing on final approval of the proposed settlement.

7        6. Class Counsel may apply to the Court for an award of attorneys'
8  fees and costs covering all legal services provided to the Class Representatives and
9  Settlement Class Members in connection with the Action and the settlement of the
10 Action not to exceed $1,385,000.00 (the "Fee Award"). Class Counsel also may
11 submit an application for incentive payments to be paid by Volvo to the Class
12 Representatives not to exceed $5,000 to Carole Trew, $2,500 to Loren Funk, $2,500 to
13 Judith and Matthew Wesley Marx, and $1,000 to Scott Santos (the "Incentive
14 Payments"). Class Counsel shall file their Petition for a Fee Award and for Incentive
15 Payments with the Court at least 21 days prior to the Fairness Hearing.

16       7. Pursuant to Rule 23(e)(1)(C) of the Federal Rules of Civil
17 Procedure and 28 USCS Section 1715(d), a hearing (the "Fairness Hearing") shall be
18 held on June 20, 2007 at 10 Am before the undersigned in Courtroom 7 of the
19 United States District Court for the Eastern District of California, for the purpose of
20 finally determining whether the Settlement Agreement is fair, reasonable, and adequate
21 and should be approved by the Court via entry of the Final Approval Order and
22 Judgment contemplated by the Settlement Agreement and, if so, whether a Fee Award
23 of $1,385,000.00 shall be awarded to Class Counsel and whether Incentive Payments
24 totaling $11,000.00 shall be awarded to the Class Representatives.

25       8. Approval is hereby given to the form of and the provisions for
26 disseminating the Notice (in substantially the form set forth in Exhibit 2 and 3 of the
27 Settlement Agreement) to Settlement Class Members. The Court finds that the Notice
28 to be given constitutes the best notice practicable under the circumstances, including

individual notice to all Settlement Class Members via first-class mail who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to Settlement Class Members in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution. The costs of providing the Notice to Settlement Class Members shall be borne by Volvo.

9. Within 45 days of entry of this Order, Rosenthal & Company LLC shall deliver to the United States Postal Service for first-class mailing, postage prepaid, copies of the Direct Mail Notice (in substantially the form set forth in Exhibit 2 of the Settlement Agreement) addressed to each Settlement Class Member whose most current available address can reasonably be found by R.L. Polk & Co. in its database of registered owners and/or lessees of the Class Vehicles and by the Rosenthal & Company LLC, who will update the information received from R.L. Polk & Co. using the National Change of Address Database. Where necessary, Rosenthal & Company LLC is authorized to obtain vehicle registration information concerning current or former owners or lessees of the Class Vehicles from the appropriate state agencies for the sole purpose of providing mailed Notice, and the relevant state agencies shall make the appropriate vehicle registration data available for this purpose only. After the initial dissemination of the Notice, Rosenthal & Company LLC shall undertake reasonable efforts to find updated addresses for any Notice that is returned as undeliverable, and shall re-send the Notice to any Settlement Class Members for which updated addresses are located.

10. Not later than 10 days after entry of this Order, Volvo shall comply with the requirements of 28 USCS Section 1715(b) and serve upon the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement consisting of:

    (a) the complaint and all subsequent amendments thereto;
    (b) notice of the Fairness Hearing;
    (c) the Notice;

(d) the Settlement Agreement;

(e) the Preliminary Approval Order and (Proposed) Final Approval Order and Judgment;

(f) (1) the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or (2) a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement; and

(g) any written judicial opinion relating to the materials described under subparagraphs (a) through (f).

Such submissions shall also be provided to Class Counsel.

11. Each potential Settlement Class Member who wishes to be excluded from the Settlement Class must submit a written request for exclusion ("Request for Exclusion") to Rosenthal & Company LLC at the address specified in the Notice. Such Requests for Exclusion must be postmarked on or before the date specified in the Notice, which shall be no less than 30 days after the mailing of the Notice. To be effective, the Request for Exclusion must: (a) set forth the individual's full name and current address, (b) identify the model year and model of his/her Class Vehicle(s) and the approximate date of purchase or lease, and (c) specifically state his/her desire to be excluded from the Settlement Class. Any current owner or lessee of a Class Vehicle who submits a Request for Exclusion must also provide the VIN of the vehicle along with that Request. Anyone who falls within the Settlement Class definition and does not submit a timely and complete Request for Exclusion shall be deemed a Settlement Class Member and may be bound by all proceedings, orders, and judgments of the Court pertaining to the Settlement Class pursuant to the Settlement Agreement.

12. Each Settlement Class Member who wishes to object to the fairness of the Settlement Agreement (including Class Counsel's Petition for Fee

1   Award and Incentive Payments) must submit a written objection ("Objection") to Class
2   Counsel, Defense Counsel and the Court at the addresses specified in the Notice. All
3   Objections must be postmarked on or before the date specified in the Notice, which
4   shall be no less than 30 days after the mailing of the Notice. All Objections must also
5   be served on the Settlement Administrator, Class Counsel and counsel for Volvo, at the
6   addresses specified in the Notice. The Objection must include: (a) the objector's full
7   name, current address, and telephone number, (b) the model and model year of his/her
8   Class Vehicle(s), as well as the VIN of his/her Class Vehicle(s), (c) a statement as to
9   whether he/she is a current owner or lessee, (d) a statement as to when he/she
10  purchased/leased the Class Vehicle(s), (e) a statement of the position(s) the objector
11  wishes to assert, including the factual and legal grounds for the position, and (f) copies
12  of any other documents that the objector wishes to submit in support of his/her
13  Objection. Any Settlement Class Member who does not file a timely Objection in
14  accordance with the specifications set forth in the Notice and the Settlement Agreement
15  shall be foreclosed from seeking any adjudication or review of the Settlement by appeal
16  or otherwise.

17          If the objector intends to appear at the Fairness Hearing through counsel,
18  the objector must file with the Clerk of this Court and serve upon counsel, at the
19  addresses specified in the Notice, a notice of attention to appear ("Notice of Intention to
20  Appear"), before the date specified in the Notice, which shall be no less than 30 days
21  after the mailing of the Notice. The Notice of Intention to Appear must include copies
22  of any papers, exhibits, or other evidence the objector or his/her counsel will present to
23  the Court at the Fairness Hearing. Any Settlement Class Member who does not file a
24  timely Notice of Intention to Appear in accordance with the specifications set forth in
25  the Notice and the Settlement Agreement shall be foreclosed from speaking or
26  otherwise presenting any views at the Fairness Hearing.

27          13.     The parties to this Action and to the Settlement Agreement shall
28  file any memoranda or other materials in support of final approval of the Settlement

Agreement, including in response to any timely and properly filed Objection to the Settlement Agreement, no later than seven (7) days prior to the Fairness Hearing. Such materials shall be served on Class Counsel, counsel for Volvo, and on any Settlement Class Member (or their counsel, if represented by counsel) to whose Objection to the Settlement Agreement the memoranda or other materials respond.

14. Following the Fairness Hearing, and based upon the entire record in this matter, the Court will decide whether the Settlement Agreement should be approved and, if so, what Fee Award should be awarded to Class Counsel and whether Incentive Awards should be awarded to the Class Representatives, and if so in what amounts. If appropriate, the Court will issue a Final Approval Order and Judgment memorializing its decision as contemplated by the Settlement Agreement.

15. Pending final determination of the joint motion for approval of the Settlement Agreement, all proceedings in this Action other than settlement approval proceedings shall be stayed.

Dated: _March 7_, 2007

_____

Hon. David F. Levi
United States District Court Judge

NB1:707054.1